IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AARON JASON LENNON,        :     CIVIL NO.  3:CV-12-930
               Plaintiff    :

                            :     (Judge Munley)

        v.              :

                            :

R.M. LAWLER et al.,         :
              Defendants  :

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

On May 18, 2012, Aaron Jason Lennon ("Lennon"), an inmate at the State

Correctional Institution at Huntingdon, Pennsylvania, filed this civil rights action.  (Doc.

1.)  He seeks to proceed in forma pauperis.  (Docs. 2, 7). Obligatory preliminary

screening reveals that the complaint is subject to dismissal pursuant to 28 U.S.C.

§1915(e)(2)(B)(ii).

## I.    Standards of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any

time if the court determines that (B) the action . . . (ii) fails to state a claim on which

relief may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of

review for the failure to state a claim provision is the same as the standard for a 12(b)(6)

motion, which provides for the dismissal of complaints that fail to state a claim upon

which relief can be granted.  FED. R. CIV. P. 12(b)(6).  When ruling on a motion to

dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the

complaint and all reasonable inferences that can be drawn therefrom, and view them in

the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The plaintiff must present facts that, if true, demonstrate a plausible right to relief. See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"). Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1948.

The Third Circuit now requires that a district court must conduct the two-part

analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must
> then determine whether the facts alleged in the complaint are sufficient to show that
> the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must
> do more than allege the plaintiff's entitlement to relief. A complaint has to "show"
> such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme
> Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to
> infer more than the mere possibility of misconduct, the complaint has alleged-but it
> has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50].
> This "plausibility" determination will be "a context-specific task that requires the
> reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be

construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551

U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for

failure to state a claim without granting leave to amend, unless it finds bad faith, undue

delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111

(3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## II.    Allegations of the Complaint

Lennon alleges that on June 3, 2010, he was given a misconduct report (Doc. 1, at

2.) He was found guilty of the misconduct on June 7, 2010, and given 270 days of

disciplinary confinement. (Id.) His appeal of the misconduct charges was unsuccessful.

(Id.) He is seeking expungement of the misconduct, declaratory relief, injunctive relief,

compensatory and punitive damages, and costs.  (Id. at 4-5.)

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause

of action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The

statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges,
> or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or
> other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95

F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege

"the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of

state law."  West v. Atkins, 487 U.S. 42, 48 (1988).

Lennon alleges that his constitutional rights were violated when he was issued a

misconduct report that resulted in a finding of guilt and a punishment of 270 days in

disciplinary segregation.  In Heck v. Humphrey, 512 U.S. 477(1994), the Supreme Court

ruled that a constitutional cause of action for damages does not accrue "for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid," until the plaintiff proves

that "the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a federal court's issuance of a writ of habeas

corpus." Id. at 486–87.  This rationale was later extended to disciplinary proceedings.

Edwards v. Balisok, 520 U.S. 641 (1997).  As such, an inmate may not bring a civil rights

action related to an inmate disciplinary proceeding without first challenging and

overturning, *via* appropriate proceedings, the disciplinary hearing in question.  Id. at

646–47.  To summarize, "a state prisoner's § 1983 action is barred (absent prior

invalidation – no matter the relief sought (damages or equitable relief), no matter the

target of the prisoner's suit (state conduct leading to conviction or internal prison

proceedings) — *if* success in that action would necessarily demonstrate the invalidity of

the confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005)

(emphasis in original).

Lennon seeks relief with respect to his claims arising out of the disciplinary

charges that were filed against him and resulted in a finding of guilt and disciplinary

sanctions.  As any type of award in Lennon's favor would call into question the validity

of the underlying disciplinary proceedings, he cannot state a claim unless he can

demonstrate that the decision finding him guilty of the misconduct charges was

invalidated on administrative appeal or through the issuance of a writ of habeas corpus.

Because it is apparent that neither of these scenarios have unfolded, any claim stemming

from the proceedings must be dismissed pursuant to Heck and Edwards.  Moreover,

because Lennon fails to set forth a plausible claim for relief, affording him an opportunity

to amend the complaint would be futile.

## IV.    Conclusion

For the reasons set forth above, it is clear that allowing Lennon the opportunity to amend his complaint would be futile.  Consequently, the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate order follows.

BY THE COURT:


s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court


Dated:        May 31, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON JASON LENNON, | : | CIVIL NO. 3:CV-12-930 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| R.M. LAWLER et al., | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### ORDER

**AND NOW**, to wit, this 31st day of May 2012, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Plaintiff's applications to proceed in forma pauperis (Docs. 2, 7) are construed as motions to proceed without full prepayment of fees and costs and are GRANTED.

2. This matter is DISMISSED pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:


s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**